IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03088-MSK-MEH

WILLIAM CAMPOS,

      Plaintiff,

v.

MANTECH INTERNATIONAL CORPORATION,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) [filed August 19, 2015; docket #64]. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff originally brought this action in this District presumably because "[t]he alleged unlawful employment practices took place at the following locations: 570 Suffolk Street (Bldg 920) Room G137, Peterson AFB, CO 80914 and 1901 Aerotech Drive, Colorado Springs 80916." Complaint, ¶ 16, docket #1. However, now he seeks to change venue pursuant to 28 U.S.C. § 1404(a). That section states: "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

A district court has discretion as to whether to grant a change of venue pursuant to § 1404(a). *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party seeking transfer bears the burden of establishing that the existing forum is inconvenient. *Scheidt*, 956 F.2d at 965; *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The following non-exclusive factors are pertinent in determining whether a transfer is appropriate under § 1404(a):

> ... [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and, [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit*, 928 F.2d at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

In this case, the Court liberally construes Plaintiff's motion and finds he cites his residence in Texas and his opinion that "justice delayed is justice denied" as his reasons for seeking transfer to the U.S. District Court for the Southern District of Texas. Although his "justice delayed" argument may go to the "fair trial" factor, Plaintiff fails to explain on what basis he proffers this opinion. In fact, according to the docket in this case, the Court has resolved all of the Plaintiff's motions within 2-3 days, or has held a hearing on certain motions within two weeks.

Accordingly, the Plaintiff's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) [filed August 19, 2015; docket #64] is **denied without prejudice**.  The Court directs the Plaintiff, should he choose to re-file his motion, to describe the justifications for his request according to the factors set forth in *Chrysler Credit*, 928 F.2d at 1516.

Entered and dated at Denver, Colorado, this 21st day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge