IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03088-MSK-MEH

WILLIAM CAMPOS,

    Plaintiff,

v.

MANTECH INTERNATIONAL CORPORATION,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Second Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) [filed August 27, 2015; docket #69]. Defendant timely filed a response to the motion, but the Plaintiff did not file a reply brief although permitted an opportunity to do so. The motion was referred to this Court for disposition.[1] (Docket # 70). For the reasons that follow, the Plaintiff's motion is denied.

In this case, Plaintiff alleges essentially that he was denied promotion and accommodation, and forced to resign from his employment with Defendant due to discrimination based on his disability. *See* Complaint, ¶¶ 9-10, docket #1. Plaintiff, proceeding *pro se*, brought his claims in this District on November 14, 2014 presumably because "[t]he alleged unlawful employment practices took place at the following locations: 570 Suffolk Street (Bldg 920) Room G137, Peterson

---

[1] Although courts across the country have differed as to whether a motion to transfer venue is dispositive (*see D'Amato v. ECHL, Inc.*, No. 13CV646S, 2015 WL 2151825, at *1-*2 (W.D. N.Y. May 7, 2015) (listing cases), this Court agrees with the Honorable Hugh B. Scott in *D'Amato* and those courts finding that such motions are **not** dispositive and may be resolved by a Magistrate Judge. *Id.* at *3 ("unlike the analogized remand motion, the motion to change venue does not end federal court jurisdiction.").

AFB, CO 80914 and 1901 Aerotech Drive, Colorado Springs 80916." *Id.*, ¶ 16.  Plaintiff filed his initial motion to change venue on August 19, 2015 citing his residence in Texas and his opinion that "justice delayed is justice denied" as his reasons for seeking transfer to the U.S. District Court for the Southern District of Texas.  Docket #64.  This Court denied Plaintiff's motion without prejudice finding that he failed to explain how justice has been denied him and failed to provide sufficient information for the Court to analyze whether transfer is appropriate.  Docket #66.

Plaintiff then filed the present "second" motion to change venue asserting generally that the action "might have been brought" in the Southern District of Texas because that court has personal jurisdiction over Defendant and venue is proper there.  Plaintiff also argues that he lives and conducts his everyday activities in the Southern District of Texas, it is his choice of forum, Defendant is a billion-dollar public company and is currently in litigation there in another case, Defendant's attorneys have an office there, and a government report reflects that cases are resolved more quickly in the Southern District of Texas than in the District of Colorado.

Defendant counters that the facts of this action took place in Colorado, the Plaintiff formerly resided here and the witnesses, including his supervisor and other employees, reside in Colorado, and the Plaintiff originally chose Colorado as the proper venue.  Defendant further states that the Southern District of Texas has no interest in deciding this action, particularly where one of Plaintiff's claims is brought under Colorado law.  Finally, Defendant contends this litigation has proceeded expeditiously and, since discovery has ended and a dispositive motion has been filed here, a transfer to Texas will result in unnecessary delay.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise

> to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Through the present motion, Plaintiff seeks to change venue pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Court finds the Plaintiff has failed to demonstrate this action "might have been brought" in the Southern District of Texas pursuant to § 1391(b). Plaintiff argues generally that "because personal jurisdiction and venue are proper in the United States District Court, Southern District of Texas, Galveston Division, this action 'might have been brought' in the transferee district." Motion, docket #69 at 3-4. First, Plaintiff mentions nothing about whether Defendant "resides" in the Southern District of Texas other than to assert it is a "multi-billion dollar public company"; therefore, subsection 1391(b)(1) is not met. However, subsection 1391(b)(2) is met in the District of Colorado; in the operative pleading Plaintiff alleges the events underlying his claims occurred in Colorado and, only, in Colorado. Complaint, ¶ 16. In fact, the Plaintiff's third claim for relief is alleged pursuant to a Colorado statute. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165-66 (10th Cir. 2010) (discussing a prior version of § 1391(b)(2) and concluding a court should "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims. . . . Second, [the court must] determine whether substantial events material to those claims occurred in the forum district."). Thus, since venue is proper in Colorado under subsection 1391(b)(2), the Court need not proceed to consider subsection 1391(b)(3).

Because the Plaintiff has failed to show this action "might have been brought" in the Southern District of Texas, the Court will not proceed to determine whether convenience and

3

fairness dictate a transfer of this case pursuant to § 1404(a). *See Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, No. 08-2556-KHV, 2009 WL 235625, at *1 (D. Kan. Feb. 2, 2009) ("The inquiry on a motion to transfer requires a two-step analysis. The court must first determine whether the action to be transferred is one that might have been brought originally in the transferee court. Second, the court must determine whether transfer is proper under the statute.") (citing 28 U.S.C. § 1404(a)).

For the reasons set forth herein, the Plaintiff's Second Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) [filed August 27, 2015; docket #69] is **denied**.

Entered and dated at Denver, Colorado, this 14th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge